UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ALVERTA UNDERWOOD, on behalf of CPP, | : | NO. 1:11-CV-00315 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION AND ORDER** |
| | : | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on the Magistrate Judge's July 24, 2012 Report and Recommendation (doc. 13), Defendant's Objections (doc. 15), and Plaintiff's Reply (doc. 16). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in all respects, FINDS Defendant's decision not supported by substantial evidence, REVERSES such decision, and REMANDS this matter for immediate reinstatement of benefits.

**I. Background**

Plaintiff Alverta Underwood, on behalf of her minor daughter CPP, seeks Supplemental Security Income ("SSI") due to Borderline Intellectual Functioning, Disruptive Behavior, and Developmental Expressive Disorder (doc. 13). Plaintiff filed a claim for SSI on June 30, 1998 (Id.). After evaluation, CPP was found to have met the Listings of Impairments (Listing) 103.03B for

asthma and benefits were awarded on August 19, 1998 (Id.). During a continuing disability review in May 2002, CPP was then found to meet Listing 112.02 based on a diagnosis of Borderline Intellectual Functioning, Disruptive Behavior, and Developmental Expressive Disorder (Id.). During a January 2006 continuing disability review, CPP was found not disabled as of February 1, 2006. (Id.). After the finding was affirmed on reconsideration, Plaintiff requested and received a hearing de novo before Administrative Law Judge James Sherry (Id.). In a September 22, 2009 written decision, ALJ Sherry denied Plaintiff's SSI application (Id.). The ALJ found that CPP, due to a decrease in the medical severity of her impairments, no longer met Listing 112.02 (Id.). The Appeals Council denied Plaintiff's request to review the ALJ's decision (Id.). Plaintiff subsequently appealed to this Court under the theory that CPP had not experienced medical improvement in the area of personal functioning, such that she continues to meet Listing 112.02 (Id.).

The Magistrate Judge, in her July 24, 2012 Report and Recommendation reviewed the record, and concluded that the ALJ's non-disability determination should be reversed as unsupported by substantial evidence, judgment awarding benefits should be entered in favor of the Plaintiff, and this case be closed (Id.). Defendant timely objected to the Magistrate Judge's Report and Recommendation, arguing that the ALJ's decision was supported by

2

substantial evidence, and that should this Court find otherwise, the appropriate remedy is a remand for further consideration, not an immediate award of benefits (doc. 15). Plaintiff filed her Reply, arguing the Magistrate Judge correctly found that despite medical improvement in CPP's case she continued to have marked limitation in age-appropriate cognitive/communicative functioning, and that the ALJ erred in failing to find that CPP continues to have marked limitations in age-appropriate personal functioning (doc. 16). Since Defendant has filed his Objections to the Magistrate Judge's Report and Recommendation (doc. 15) this matter is ripe for the Court's review.

## II. The Magistrate Judge's Report and Recommendation

The Magistrate Judge reviewed each of Plaintiff's claims to determine whether the ALJ's findings of non-disability were supported by substantial evidence, that is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (doc. 13, citing 42 U.S.C. § 405(g), Richardson v. Perales, 402 U.S. 389, 401 (1971)). In conducting her review, the Magistrate Judge explained the Court considers the record as a whole when deciding whether the Commissioner's findings are supported by substantial evidence (Id. citing Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978)).

The Magistrate Judge reported that in determining impairment of a person under the age of 18 for the purposes of SSI,

the Social Security Administration (SSA) must follow a three-step analytical process (Id. citing 20 C.F.R. § 416.924). Step 1 requires the Commissioner to ask if the claimant is performing substantial gainful activity (Id.). Step 2 requires the Commissioner to determine if one or more of the claimant's impairments are "severe" (Id.). Step 3 requires the Commissioner to determine whether any of the claimant's impairments, alone or in combination, meet or equal a Listing in the Listing of Impairments (Id.).

The Magistrate Judge further reported that in regards to Steps 2 and 3, a child's impairment functionally equals a Listing if it meets listing-level severity (Id. citing 20 C.F.R. §§ 416.926a(a)). The Magistrate Judge stated this meant the impairment needs to 1) result in marked limitations in two domains of functioning or 2) result in an extreme limitation in one domain (Id). Marked and extreme limitations, the Magistrate Judge notes, are agency defined (Id). The Magistrate Judge explained that marked limitations are those that cause more than moderate, but less than extreme, interference with daily functioning and overall independence (Id.). Extreme limitations stem from impairments that "very seriously" interfere with daily functioning and overall independence, but do not have to result in complete inability to function (Id.). The Magistrate Judge stated the SSA determines listing-level severity while assessing all relevant factors, but considers six specific

4

domains of child functioning: 1) Acquiring and using information; 2) Attending and completing tasks; 3) Interacting and relating to others; 4) Moving about and manipulating objects; 5) Caring for yourself; and 6) Health and physical well-being (Id. citing 20 C.F.R. § 416.926a(b)(1)(I)-(vi)).

The Magistrate Judge reported there is a similar three-step process when the SSA must review the child's continued eligibility for SSI benefits (Id.). The Magistrate Judge explained that at Step 1, the SSA determines if the child has experienced any medical improvement since the last review (Id. citing 20 C.F.R. § 416.994a(b)). The Magistrate Judge points out that medical improvement is defined by the agency as "'any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable decision that [the claimant] was disabled or continued to be disabled ... based on changes (improvement) in the symptoms, signs, or laboratory findings associated with [the claimant's] impairment(s).'" (Id. citing 20 C.F.R. § 416.994a(c)). If at this point, the Magistrate Judge notes, there has been no medical improvement, the child is still considered to be disabled, unless some agency defined exception applies, and benefits continue (Id.)

In the event medical improvement has been found, the remaining two steps must be analyzed (Id.). Step 2 requires the SSA to determine whether the impairment present at the last review

5

now functionally equals a Listing (Id. Citing 20 C.F.R. § 916.994a(b)(2); Social Security Ruling 05-03p, 2005 WL 1041037). If the impairment still meets a Listing, then the child is found disabled and benefits continue. (Id.). If the impairment does not equal a Listing, then Step 3 requires the SSA to consider all the child's impairments, including those that were not present at the previous review, and whether they functionally equal a Listing (Id. citing 20 C.F.R. § 416.994a(b)(3)).

In reviewing the record as a whole in this matter, the Magistrate Judge found 1) the ALJ correctly determined CPP had experienced medical improvement, but 2) the ALJ erred in finding these medical improvements meant CPP no longer met the criteria for Listing 112.02 (Id.). The Magistrate Judge determined, because CPP continued to have marked limitation in age-appropriate cognitive/communicative functioning and personal functioning, CPP met listing-level severity for Listing 112.02 (Id.).

In regards to the issue of medical improvement, the Magistrate Judge disagreed with Plaintiff's contention that CPP's continuing need for special education, speech/language therapy, and her lack of maturity prove that CPP's impairments have worsened (Id.). The Magistrate Judge noted that the evidence cited by the ALJ clearly showed improved behavioral and intellectual functioning (Id.). Specifically, the Magistrate Judge pointed to CPP's increased IQ scores and academic progress as evidence of medical improvement (Id.). The Magistrate Judge also found the ALJ

6

correctly relied upon findings by Dr. Fritsch, a state-agency consultant (Id.). The ALJ looked to Dr. Fritsch's findings that showed that while CPP's language skills remained poor, there were no notable behavioral or emotional problems, such that CPP no longer had borderline intellectual functioning or disruptive behavior (Id.). The Magistrate Judge noted that ultimately, Dr. Fritsch diagnosed CPP with a learning and language disorder (Id.).

The Magistrate Judge found that the record lacked substantial evidence to support the ALJ's determination that CPP no longer met the Listing 112.02, and that benefits should be awarded without requiring a remand (Id.). The Magistrate Judge noted that in evaluating the criteria needed to meet Listing 112.02, the ALJ erred in two ways (Id.).

The Magistrate Judge's first assignment of error was that the ALJ erroneously determined CPP no longer had marked limitations in personal functioning (Id.). First, the Magistrate Judge explained that after satisfying Part A of Listing 112.02, which is persistence of at least one symptom, Part B requires the SSA to evaluate whether CPP had marked impairments in at least two of the following areas: 1) age-appropriate cognitive/communicative functioning; 2) age-appropriate social functioning; or 3) age-appropriate personal functioning (Id.). The Magistrate Judge stated that in the May 2002 review, CPP was found to have marked limitation in cognitive/communicative functioning and personal functioning (Id.). After the February 2006 review, the ALJ

7

determined CPP no longer met Listing 112.02 because she no longer had marked impairment in personal functioning due to medical improvements (Id.). The Magistrate Judge noted that the ALJ provided no explanation of why he did not consider all the relevant evidence on record when determining CPP's personal functioning limitations (Id.). Specifically, the Magistrate Judge looked to three pieces of evidence when determining CPP has continued marked limitation in personal functioning: 1) Dr. Fritsch's findings that CPP's passivity limits her daily living skills, notably in regards to using the bathroom; 2) the most recent IEP for CPP states that she "exhibits significant adaptive behavior deficits in the areas of communication, daily living skills, and socialization"; and 3) Plaintiff's testimony that CPP requires direction in bathing and personal care (Id.). Considering the record as a whole, the Magistrate Judge determined that despite medical improvements, CPP continues to experience marked limitations in personal functioning (Id.).

The Magistrate Judge's second assignment of error was that, even if the finding of no marked limitation in personal functioning was substantially supported, the ALJ failed to analyze whether CPP had marked impairment in social functioning (Id.). The Magistrate Judge found overlooked evidence in the record (Id.). The Magistrate Judge pointed out that Dr. Fritsch's findings show significant learning and language disorders for CPP (Id.). In addition, the Magistrate Judge noted the record showed CPP has

8

marked limitation in communicating which often interferes with her ability to socialize appropriately with others (Id.). Furthermore, the Magistrate Judge stated the aforementioned issues are analogous to examples given in agency regulations concerning signs a child may have difficulty socializing with others (Id.). The Magistrate Judge concluded it is likely CPP experiences marked impairments in social functioning, in addition to continued marked impairments in cognitive/communicative and personal functionings (Id.).

Finally, the Magistrate Judge concluded that the Court, with or without remanding for a rehearing, has the authority to affirm, modify, or reverse the Commissioner's decision (Id. citing 42 U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89, 100 (1991)). Furthermore, the Magistrate Judge opined that the facts of this case warrant immediate awarding of benefits because there are no factual issues at dispute, Plaintiff's entitlement to benefits is established by the record, and proof of disability is overwhelming. (Id. citing Faucher v. Sec. of Health and Human Servs., 17 F.3d 171, 176 (6th Cir. 1994); Abbott v. Sullivan, 905 F.2d 918, 927 (6th Cir. 1990); Felisky v. Bowen, 35 F.3d 1027, 1041 (6th Cir. 1994); Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985)).

In conclusion, the Magistrate Judge determined that there was substantial evidence to support the ALJ's finding of medical improvement, but that there was not substantial evidence to support the ALJ's finding that CPP no longer met the Listing for 112.02,

9

and as such benefits should be awarded without requiring remand (Id.).

### III. Defendant's Objections

Defendant objected to the Magistrate Judge's Report and Recommendation, arguing the Magistrate Judge erred in finding CPP continues to meet Listing 112.02 and by not remanding for further proceedings (doc. 15). Defendant argued the ALJ's decision was supported by the assessments of the state agency reviewing physicians, Drs. Haskins and Hague, who both reviewed the record and found that Claimant's limitations did not meet Listing 112.02 (Id.). Furthermore, Defendant also cited reports from Ms. Collins, CPP's teacher, that further support findings of CPP's considerable medical improvement in personal functioning (Id.). Lastly, Defendant argues that even if the ALJ erred in finding that CPP no longer meet Listing 112.02, the case should be remanded for further proceedings as the evidence in support of CPP's disability is not overwhelming (Id.).

### IV. Plaintiff's Reply

Plaintiff replied to Defendant's objections arguing the Magistrate Judge applied the correct standard in evaluating this claim and in finding the ALJ's decision was not substantially supported by the record (doc. 16). Plaintiff argued that taken as a whole, the record shows that while there was some medical improvement in CPP's case, overall Claimant's impairments still met

the listing-level severity of marked limitation for Listing 112.02. Plaintiff argues this is evidenced by CPP's persistent language and learning disorders (Id.).

Plaintiff also raised three issues with Defendant's objections (Id.). First, Plaintiff argued the Defendant has given too much weight to the opinions of state-agency physicians who, in Plaintiff's view, overstepped their bounds (Id.). Plaintiff argued the state-agency physician's role is to describe Plaintiff's limitations, and not to decide if Plaintiff meets a Listing. Plaintiff argued the latter occurred in this case (Id.). Second, the Plaintiff disagreed with Defendant's contention that the ALJ's decision was supported by the record (Id.). Plaintiff argued the ALJ simply adopted the opinions of the state-agency physicians without interpreting the evidence (Id.). Finally, Plaintiff disagreed with Defendant's contention that the case should be remanded for further proceedings (Id.). Plaintiff argued the record overwhelmingly proves CPP at least has marked limitations in personal functioning and cognitive/communicative functioning (Id.).

## V. Analysis and Conclusion

The Court finds the Magistrate Judge's Report complete, thorough and persuasive. Having reviewed the record, the Court finds well-taken the Magistrate Judge's conclusion that the ALJ's finding of non-disability is not supported by substantial evidence. In light of the entire record of evidence, the Court rejects Defendant's contention that CPP no longer meets Listing 112.02

11

simply because she has experienced medical improvements. The record shows that Claimant continues to have marked limitations in age-appropirate cognitive/communicative functioning and age-appropriate personal functioning. The record shows it is also likely, as the Magistrate Judge points out, that CPP likely now meets some listing-level severity in regards to age-appropriate social functioning. The Court further agrees with the Magistrate Judge that as the present record lacks substantial evidence to support the ALJ's finding of non-disability, benefits should be awarded immediately, without a remand.

Proper notice was provided to the parties under Title 28 U.S.C. § 636(b)(1)(c), including the notice that they would waive further appeal if they failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's findings, as outlined in her Report and Recommendation (doc. 13), are correct. Therefore, the Court hereby ADOPTS the Report and Recommendation in its entirety (doc. 13), REVERSES the decision of the ALJ finding Claimant non-disabled as NOT SUPPORTED BY SUBSTANTIAL EVIDENCE, and REMANDS for an immediate reinstatement of benefits, consistent with this decision. As no further matters remain pending for the Court's review, the Court DIRECTS the Clerk

to CLOSE this case on the Court's docket.

        SO ORDERED.

Date: __10/10/12__

_____
S. Arthur Spiegel
United States Senior District Judge